IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM WADE CONLEY JR., #1280022, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:07-CV-1743-K |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) at the Coffield Unit in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening. On November 29, 2007, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on January 2, 2008.

Statement of the Case: Petitioner pled guilty to possession of cocaine, unlawful possession of a firearm by a felon, aggravated robbery, and unlawful possession of phencyclidine

in the 283rd Judicial District Court of Dallas County, Texas. He also pleaded true to one enhancement paragraph in the cocaine possession and aggravated robbery cases. Pursuant to plea agreements, the trial court deferred adjudicating guilt and placed Petitioner on community supervision in each case. The State later moved to adjudicate guilt. January 6, 2005, the trial court adjudicated Petitioner guilty and sentenced him to ten years imprisonment in the cocaine and firearms possessions cases, sixty years' imprisonment for the aggravated robbery, and two year's confinement in a state jail for the phencyclidine case. The convictions were affirmed on direct appeal. *See Conley v. State*, Nos. 05-05-00142-CR, 05-05-00143-CR, 05-05-00144-CR, and 05-05-00145-CR (Tex. App.-Dallas May 16, 2006, no pet.) (not designated for publication).

In this action, Petitioner challenges only his conviction in the phencyclidine case. He alleges his probation was revoked without due process, and he received ineffective assistance of counsel at the motion to suppress, punishment and appellate stage.

<u>Findings and Conclusions</u>: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "in behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his conviction for possession of phencyclidine in No. F03-72133. He concedes having fully served his two-year sentence before

filing the petition in this case. (Answer to Question 3).[1] Therefore, Petitioner's claims with respect to Cause No. F03-72133 should be dismissed for want of jurisdiction because Petitioner cannot satisfy the "in custody" requirement. *See Maleng v. Cook,* 490 U.S. 488, 492 (1989).[2]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be DISMISSED for want of jurisdiction because Petitioner cannot satisfy the in custody requirement.

Signed this 13th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc)*, a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] The Offender Information Detail on the TDCJ website confirms that Petitioner is presently confined on the basis of three convictions – cocaine possession, possession of firearm by a felon, and aggravated robbery. *See* http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sicnumber=05087020.

[2] The Supreme Court has held that a petitioner remains "in custody" under all of his *consecutively* imposed sentences until all are served and may attack the conviction underlying the sentence scheduled to run first in the series. *See Garlotte v. Fordice,* 515 U.S. 39, 115 S.Ct. 1948 (1995). *Garlotte*'s holding is limited to consecutive sentences; it is inapplicable to concurrent sentences, such as the ones at issue in this case. (Answer to Question 2).